No. 14-156

IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

IN RE PARROT S.A. AND PARROT, INC.

*Petitioners.*

**REPLY IN SUPPORT OF MOTION TO ASSIGN RELATED CASES TO THE SAME PANEL FOR SIMULTANEOUS CONSIDERATION**

James E. Hopenfeld
OSHA LIANG LLP
2200 Pennsylvania Ave., N.W.
Washington, D.C.  20037
Tammy J. Terry
Han-Mei Tso
OSHA LIANG LLP
909 Fannin Street, Suite 3500
Houston, TX  77010-1034
(713) 228-8600 (telephone)
(713) 228-8778 (fax)

Alan Towner
Eric G. Soller
PIETRAGALLO GORDON ALFANO
  BOSICK & RASPANTI, LLP
The Thirty-Eighth Floor
One Oxford Centre
Pittsburgh, PA  15219
(412) 263-1836 (telephone)
(412) 263-4242 (fax)

Jeffrey A. Lamken
Martin V. Totaro
Lucas M. Walker
MOLOLAMKEN LLP
The Watergate, Suite 660
600 New Hampshire Ave., N.W.
Washington, D.C.  20037
(202) 556-2000 (telephone)
(202) 556-2001 (fax)
jlamken@mololamken.com

John Whealan
4613 Merivale Road
Chevy Chase, MD  20815
(202) 994-2195

*Counsel for Petitioners Parrot S.A. and Parrot, Inc.*

Parrot respectfully offers this reply in support of its request that this Court treat Parrot's appeal (No. 15-1138) and its two pending mandamus petitions (No. 14-156 and No. 14-157) as companion cases, and that it assign all three cases to the same panel for simultaneous consideration, any argument, and decision.

Drone does not dispute that all three appellate cases arise from the same infringement action and raise overlapping issues. Drone does not oppose assigning the cases to the same panel in principle. Nor does Drone deny that doing so will serve judicial economy. Drone urges, however, that Parrot's request should be denied "as moot" because "the two mandamus petitions are moot in light of the appeal." Drone Response 2 (Doc. 32). Drone cites no authority for that assertion, and it is incorrect.

An appellate case becomes moot only when it is "impossible for the court to grant 'any effectual relief whatever' to a prevailing party." *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992). This Court plainly can still grant Parrot effectual relief on the mandamus petitions. For example, the Court could grant Parrot's fully briefed Discovery Mandamus (No. 14-156) and overturn the district court's orders requiring Parrot to produce an unrestricted copy of its source code. That, in turn, might dictate reversal of the discovery sanction at issue in Parrot's Appeal (No. 15-1138). *See* Parrot Motion 10-11 (Doc. 26). But that hardly means the mandamus petitions are moot. It means only that deciding the manda-

mus petitions has at least the potential to moot issues that will be raised in the Appeal.

Likewise, the Court could grant Parrot's fully briefed Transfer Mandamus (No. 14-157) and order the district court to transfer the infringement action to the Eastern District of Michigan. That would relieve Parrot of the burden of proceeding to a trial on damages (presently scheduled for April) in a forum with no connection to the parties or the cause of action. It may also result in vacatur of all orders that followed the district court's denial of Parrot's motion to transfer. *See* Parrot Motion 12. And mandamus may prove to be the most "appropriate means to review a district court's ruling on a venue transfer motion." *In re TS Tech USA Corp.*, 551 F.3d 1315, 1322 (Fed. Cir. 2008) (applying Fifth Circuit rather than Third Circuit law). It is hard to see how the Transfer Mandamus is in any sense "moot."

To be sure, this Court might resolve the Appeal (which seeks review of the same orders as the mandamus petitions, as well as other orders) before addressing the mandamus petitions. Such a decision might well render resolution of the mandamus petitions unnecessary. Right now, however, the petitions remain live, and they may prove to be superior vehicles for addressing some of the issues presented. Accordingly, the proper approach is to place all of these closely related matters before a single panel to best serve judicial economy. Drone agrees. To the extent

"the mandamus petitions are not moot"—and they are not—"Drone Technologies does not oppose the assignment of the mandamus petitions and the appeal to the same panel." Drone Response 2.

## CONCLUSION

Parrot respectfully requests that this Court treat Nos. 14-156, 14-157, and 15-1138 as companion cases and assign them to the same panel for simultaneous consideration, any argument, and decision.

January 9, 2015                                   Respectfully submitted,

                                                  /s/ Jeffrey A. Lamken

James E. Hopenfeld                                Jeffrey A. Lamken
Tammy J. Terry                                    Martin V. Totaro
Han-Mei Tso                                       Lucas M. Walker
OSHA LIANG LLP                                    MOLOLAMKEN LLP
909 Fannin Street, Suite 3500                     The Watergate, Suite 660
Houston, TX 77010-1034                            600 New Hampshire Avenue, N.W.
(713) 228-8600 (telephone)                        Washington, D.C. 20037
(713) 228-8778 (fax)                              (202) 556-2000 (telephone)
                                                  (202) 556-2001 (fax)
Alan Towner                                       jlamken@mololamken.com
Eric G. Soller
PIETRAGALLO GORDON ALFANO                         John Whealan
  BOSICK & RASPANTI, LLP                          4613 Merivale Road
The Thirty-Eighth Floor                           Chevy Chase, MD 20815
One Oxford Centre                                 (202) 994-2195
Pittsburgh, PA 15219
(412) 263-1836 (telephone)
(412) 263-4242 (fax)

*Counsel for Parrot S.A. and Parrot, Inc.*

3

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

In re Parrot S.A.   v. _____

No. 14-156

## CERTIFICATE OF INTEREST

Counsel for the (**petitioner**) (appellant) (respondent) (appellee) (amicus) (name of party) Parrot S.A. and Parrot, Inc. certifies the following (use "None" if applicable; use extra sheets if necessary):

1. The full name of every party or amicus represented by me is:

Parrot S.A. and Parrot, Inc.

2. The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:

None.

3. All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

Parrot S.A.

4. ☑ The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

Osha Liang LLP: James E. Hopenfeld, Tammy J. Terry, Han-Mei Tso;
Pietragallo Gordon Alfano Boscik & Raspanti, LLP: Eric Soller, Alan Towner;
MoloLamken LLP: Jeffrey A. Lamken, Martin V. Totaro, Lucas M. Walker; John Whealan

1/9/15
Date

/s/ Jeffrey A. Lamken
Signature of counsel

Jeffrey A. Lamken
Printed name of counsel

Please Note: All questions must be answered
cc: All counsel of record

## **CERTIFICATE OF SERVICE**

I certify that on January 9, 2015, I filed the foregoing Reply in Support of Motion To Assign Related Cases to the Same Panel for Simultaneous Consideration electronically with the Clerk of the Court using the CM/ECF system, which will serve all counsel of record via e-mail.

/s/ Jeffrey A. Lamken